78080-7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-22983-CIV-OTAZO-REYES

NESTOR OCTAVIO DIAZ COYA and all other
similarly situated under 29 U.S.C. 216(b),

    Plaintiff,

vs.

NSG HOSPITALITY GROUP, INC., CARLOS
RIVERA,

    Defendants.
_____/

### DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

COME NOW Defendants, NSG Hospitality Group, Inc. ("NSG Hospitality") and Carlos Rivera ("Rivera") (collectively, the "Defendants"), and hereby files this Motion for Partial Summary Judgment pursuant to Federal Rule of Civil Procedure 56, and hereby states the following:

### BACKGROUND

NSG Hospitality is a subcontractor in the business of providing cleaning services for National Service Group & Associates, Inc., a separately owned and operated business that contracts with Miami Beach hotels to provide cleaning and maintenance services. NSG Hospitality is owned in its entirety by Rivera and his wife, Vicky Rivera, and owns no subsidiaries. Plaintiff, Nestor Octavio Diaz Coya ("Plaintiff") has filed this action for unpaid overtime wages pursuant to section 207 of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. sections 201 through 216 (count one), and for retaliation under 29

CASE NO. 14-22983-CIV-OTAZO-REYES

U.S.C. section 215(a)(3) (count two). (*See generally* First Am. Compl. Under 29 U.S.C. 201–216 Overtime Wage Violations and Retaliation (the "Amended Complaint") [ECF No. 3]). Plaintiff alleges he was employed by Defendants "as a floor maintenance man and pool attendant at the Four Seasons Hotel, St. Regis Hotel, Canyon Ranch, and Fountainbleau hotel in Miami from on or about 2009 through on or about June 17, 2014, when he went on medical leave until August 20, 2014 when he was terminated." (Am. Compl. ¶ 9).

However, in September of 2013, Plaintiff abruptly abandoned his job at NSG Hospitality and began working for a different subcontractor, National Maid Service Group, Co. ("National Maid"). As a result of Plaintiff's change of employer and desertion of his employment with NSG Hospitality, Plaintiff's claim for retaliation must fail, as Defendants were not responsible for any termination that allegedly occurred in August 2014. Similarly, Defendants could not have been responsible for any unpaid overtime wages allegedly owed after September of 2013, when Plaintiff stopped working for NSG Hospitality. Consequently, Defendants seek dismissal of count two in its entirety, and dismissal of Plaintiff's claims in count one for unpaid overtime wages prior to September 2012 and after September 2013.[1]

## MEMORANDUM OF LAW

**A.   LEGAL STANDARD**

Pursuant to Federal Rule of Civil Procedure 56, summary judgment shall be

---

[1] To be clear, Defendants continue to contest the remainder of Plaintiff's claim for unpaid overtime in count one, in particular all claims between September 2012 and

2

CASE NO. 14-22983-CIV-OTAZO-REYES

rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56(a), (c). "An issue of fact is material if it is a legal element of the claim under the applicable substantive law which might affect the outcome of the case." *Burgos v. Chertoff*, 274 F. App'x 839, 841 (11th Cir. 2008) (quoting *Allen v. Tyson Foods Inc.*, 121 F.3d 642, 646 (11th Cir. 1997) (internal quotation marks omitted)). And "[a] factual dispute is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Channa Imps., Inc. v. Hybur, Ltd.*, No. 07-21516-CIV, 2008 WL 2914977, at *2 (S.D. Fla. Jul. 25, 2008) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Consequently, the requirement that there be no "genuine issue as to any material fact" does not mean that summary judgment is inappropriate if there is some dispute as to *any* fact. As stated by the Supreme Court in *Anderson*, "[b]y its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson*, 477 U.S. at 247–48 (emphasis added).

Here, there are no genuine issues of material fact sufficient to deny the motion for partial summary judgment, thus Defendants are entitled to judgment as a matter of law as

---

September 2013. But for the purposes of this motion, Defendants focus is on Plaintiff's claims outside his period of employment with NSG Hospitality.

CASE NO. 14-22983-CIV-OTAZO-REYES

to count two, and partial judgment as a matter of law as to count one.[2]

## B. SUMMARY JUDGMENT SHOULD BE ENTERED AS TO COUNT TWO BECAUSE DEFENDANTS WERE NOT PLAINTIFF'S EMPLOYER AT THE TIME OF HIS ALLEGED TERMINATION, DEFENDANTS TOOK NO ADVERSE EMPLOYMENT ACTION AGAINST PLAINTIFF, AND THERE IS NO CAUSAL CONNECTION BETWEEN ANY ALLEGED ADVERSE ACTIONS AND PLAINTIFF'S PROTECTED ACTIVITY

FLSA retaliation cases are analyzed according to the burden-shifting framework established by federal courts analyzing cases pursuant to Title VII of the Civil Rights Act. *Vandesande v. Miami-Dade Cnty.*, 431 F. Supp. 2d 1245, 1252 (S.D. Fla. 2006). "To make a prima facie case for retaliation under the FLSA, the plaintiff must show: 1) that he engaged in an activity protected by the FLSA that was known to his employer; 2) that he suffered an adverse employment action; and 3) that there is a causal connection between his participation in the statutorily-protected activity and the adverse employment action." *Id.* at 1252–53 (citation omitted). But "[i]n order to establish a claim for retaliation or failure to compensate under the FLSA, there must first be an employer-employee relationship." *Mendoza v. Essential Quality Constr., Inc.*, 691 F. Supp. 2d 680, 684 (E.D. La. 2010); *see also Payne v. Universal Recovery, Inc.*, No. 3:11-CV-1672-D-

---

[2] The movant's initial burden on a motion for summary judgment "consists of a responsibility to inform the court of the basis for its motion and to identify those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993) (internal quotation marks and alterations in original omitted) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). Defendants humbly suggest they have met this initial burden.

CASE NO. 14-22983-CIV-OTAZO-REYES

BH, 2011 WL 7415414, at *5 (N.D. Tex. Dec. 7, 2011) ("It is well-established that in order to be bound by the requirements of the FLSA, one must be an 'employer.'"). The FLSA defines an employer as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). Similarly, an employee is defined as "any individual employed by an employer." 29 U.S.C. § 203(e)(1). Here, the undisputed facts clarify Defendant was Plaintiff's employer for a limited time — approximately one year, from September 2012 through September 2013. (*See* Defs.' Statement of Material Facts . . . ("Defs.' SMF") ¶¶ 5, 8; *see also* Defs.' SMF ¶ 9). As Plaintiff's period of employment with Defendants ended nearly a year before Plaintiff's allegedly retaliatory termination, Defendants took no adverse employment action against Plaintiff, and there is no causal connection between any alleged adverse activity and Plaintiff's participation in a protected activity, dismissal of count two is warranted.

Plaintiff has alleged his employment was terminated on August 20, 2014, after "Plaintiff assert[ed] a claim for mandated wages under the FLSA." (Am. Compl. ¶ 23; *see also id.* ¶¶ 17–22). However, employment records maintained by Defendants, employment records maintained by National Maid, and the affidavits of Rivera and Mr. Daniel Benitez, owner of National Maid, clearly establish Plaintiff was employed by National Maid, and not NSG Hospitality or Rivera, at the time Plaintiff alleges his employment was terminated for filing suit against Defendants. Indeed, even the individuals Plaintiff alleges worked as supervisors for Defendants — Sylvia Sedziezw, Vanessa Rodriguez, and Omar Valdez — were strictly employees of National Maid

CASE NO. 14-22983-CIV-OTAZO-REYES

during the relevant time period. (*See* Defs.' SMF ¶ 15; Am. Compl. ¶¶ 20–22). Omar Valdez, the person who Plaintiff claims informed him that Plaintiff's "position had been filled and [Plaintiff] was no longer needed," was a National Maid employee at that time.[3] (Am. Compl. ¶ 22; *see also* Aff. Daniel Benitez ¶ 9). These facts establish Plaintiff was employed by National Maid and not NSG Hospitality at the time of his allegedly retaliatory termination.

Moreover, there is no causal connection between Plaintiff filing this lawsuit and any allegedly adverse employment action. A Termination Form signed by Vanessa Rodriguez and dated July 23, 2014, indicates Plaintiff was terminated while working at the Canyon Ranch hotel for National Maid. (*See* Composite Ex. A., Aff. Daniel Benitez). Until counsel for Plaintiff reached out to Rivera regarding the filing of this action, Rivera had no knowledge of the whereabouts of Plaintiff since his abrupt departure from NSG Hospitality. (*See* Defs.' SMF ¶¶ 14–15). And Daniel Benitez himself swears he "never discussed [Plaintiff]'s separation, or the events and circumstances leading up to [Plaintiff]'s separation from National Maid with Carlos Rivera." (Aff. Daniel Benitez ¶ 11). Simply put, there is no causal connection between the filing of this action and any alleged adverse employment action.

Clearly the undisputed facts demonstrate Defendants were not Plaintiff's employer at the time of his alleged termination. And even assuming *arguendo* Defendants were still (somehow) an employer for Plaintiff (which is denied), the

---

[3] As if that were not enough to remove all doubt, Daniel Benitez himself attests, "Carlos Rivera had no involvement in the Plaintiff's separation from . . . National Maid. (Aff. Daniel Benitez ¶ 11).

CASE NO. 14-22983-CIV-OTAZO-REYES

complained of adverse employment action was plainly taken by National Maid, not NSG Hospitality or Rivera. Nor do any of the undisputed facts even remotely establish a causal connection between Plaintiff's participation in the statutorily-protected activity (i.e. filing a lawsuit against Defendants) and the adverse employment action listed in the Amended Complaint (i.e. Plaintiff's termination from Canyon Ranch and National Maid). As such, summary judgment in favor of Defendants should be granted as to Plaintiff's retaliation claim.

**C.   PARTIAL SUMMARY JUDGMENT SHOULD BE ENTERED AS TO COUNT ONE BECAUSE DEFENDANTS ONLY EMPLOYED PLAINTIFF FOR ROUGHLY ONE YEAR — FROM SEPTEMBER 2012 TO SEPTEMBER 2013 — AND THUS DEFENDANTS COULD NOT POSSIBLY BE RESPONSIBLE FOR THE ENTIRE PERIOD OF UNPAID OVERTIME SOUGHT BY PLAINTIFF**

Section 207 of the FLSA "requires that employers pay time and a half for those hours that an employee works in excess of the standard forty hour work week." *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1156 (11th Cir. 2008) (citing 29 U.S.C. § 207(a)(1)). However, as previously expressed in Part B, *supra*, "[i]n order to establish a claim for retaliation or failure to compensate under the FLSA, there must first be an employer-employee relationship." *Mendoza v. Essential Quality Constr., Inc.*, 691 F. Supp. 2d 680, 684 (E.D. La. 2010); *see also Payne v. Universal Recovery, Inc.*, No. 3:11-CV-1672-D-BH, 2011 WL 7415414, at *5 (N.D. Tex. Dec. 7, 2011) ("It is well-established that in order to be bound by the requirements of the FLSA, one must be an 'employer.'").

CASE NO. 14-22983-CIV-OTAZO-REYES

Here, the undisputed facts establish Plaintiff only worked at NSG Hospitality from September 2012 through September 2013. Plaintiff was hired by NSG Hospitality in September 2012 to perform services at the St. Regis Hotel in Miami Beach. (*See* Defs.' SMF ¶ 5; *see also* Composite Ex. A, Aff. Rivera (indicating the first pay check from NSG Hospitality to "Nestor Diaz" is dated September 14, 2012)). After a minor altercation with security personnel at the St. Regis, hotel management requested Plaintiff's permanent removal from the premises. (*See* Defs.' SMF ¶ 7). Rather than fire him outright, Defendants transferred Plaintiff to another hotel they are subcontracted to work at, the Four Seasons Hotel. (*See id.*). Plaintiff began working at the Four Seasons Hotel in February of 2013, but abruptly abandoned his position without warning sometime in September of 2013. (*See id.* ¶ 8; *see also* Composite Ex. A, Aff. Rivera (indicating the last pay check from NSG Hospitality to "Nestor Diaz" is dated October 2, 2013)).

Furthermore, evidence of Plaintiff's September 2013 departure from NSG Hospitality is corroborated by other record evidence indicating Plaintiff began working for National Maid at Canyon Ranch Hotel in November of 2013, with bi-weekly hours often in the neighborhood of seventy or eighty hours worked. (*See* Defs.' SMF ¶ 9; *see also* Composite Ex. A, Aff. Daniel Benitez). As such, all evidence in the record indicates Plaintiff was no longer working for Defendants after September 2013. Because Plaintiff was not an employee of Defendants before September of 2012 or after September 2013, let alone an employee working hours in excess of forty per work week, Plaintiff cannot be entitled to overtime compensation for those periods of time.

CASE NO. 14-22983-CIV-OTAZO-REYES

Accordingly, partial summary judgment should be granted in favor of Defendants on Plaintiff's unpaid overtime claims, resulting in all of Plaintiff's overtime claims accruing prior to September of 2012 and after September of 2013 being dismissed.[4]

## CONCLUSION

At best, the underlying facts belie a serious (and costly) mistake concerning which subcontractor (NSG Hospitality or National Maid) employed Plaintiff during the time periods relevant to Plaintiff's claims. At worst, they demonstrate factual contentions totally lacking in evidentiary support, and which display a failure to make reasonable inquiry of the facts as required by Federal Rule of Civil Procedure 11(b)(3). But the undisputed facts make one thing clear — Plaintiff stopped working for Defendants in September of 2013. As a result of Plaintiff's abandonment of his employment with NSG Hospitality and Rivera, his subsequent employment with National Maid, and his alleged

---

[4] Although, Plaintiff has since clarified he seeks damages for a period of time beginning August 14, 2011 (*see* Joint Planning and Scheduling Report 1), however, in an abundance of caution, Defendants maintain all claims prior to August 14, 2011 are barred by the statute of limitation. The statute of limitations for an overtime violation claim pursuant to the FLSA is two years for non-willful violations, and three years for willful violations. *See* 29 U.S.C. § 255(a). A violation is willful if the "employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited" by the FLSA. *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988). Regulations interpreting the FLSA define reckless disregard as "the failure to make adequate inquiry into whether conduct is in compliance with the [FLSA]." 5 C.F.R. § 551.104 (alteration added). Plaintiff bears the burden of proving Defendants' violations of the FLSA were willful. *Eschmann v. White Plains Crane Serv., Inc.*, No. 11-CV-5881 (KAM)(VVP), 2014 WL 1224247, at *5 (E.D.N.Y. Mar. 24, 2014). Because Plaintiff has presented no evidence to meet this burden, all claims asserted prior to August 14, 2012 (this action was first filed August 14, 2014) should be barred by the two-year statute of limitations. And even assuming the Court were disinclined to rule on the willfulness of Defendants' alleged FLSA overtime violations at this time, any claim for unpaid overtime pursued by Plaintiff for unpaid overtime accruing prior to August 14, 2011 is barred by the three-year statute of limitations.

CASE NO. 14-22983-CIV-OTAZO-REYES

termination in August 2014, nearly one full year after he'd finished working for Defendants, summary judgment should be granted in favor of Defendants as to count two, and partial summary judgment should be granted as to count one, thereby narrowing the scope of Plaintiff's unpaid overtime claim to the period of time he worked for Defendants.

Dated: February 9, 2015

Respectfully submitted,

__/s/ Jason A. Glusman_____
Jason A. Glusman, Esquire (419400)
JGlusman@wickersmith.com
Carlos A. Garcia, Esquire (99768)
CGarcia1@wickersmith.com
WICKER SMITH O'HARA McCOY & FORD, P.A.
515 E. Las Olas Boulevard
SunTrust Center, Suite 1400
P.O. Box 14460
Ft. Lauderdale, FL 33302
Telephone:    (954) 847-4800
Facsimile:    (954) 760-9353
Attorneys for Carlos Rivera & NSG Hospitality Group, Inc.

CASE NO. 14-22983-CIV-OTAZO-REYES

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 9, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

        */s/ Jason A. Glusman*
        Jason A. Glusman, Esquire

## SERVICE LIST

Julia M. Garrett, Esq.
J.H. Zidell, P.A.
City National Bank Building, Suite 605
300 Seventy First Street
Miami Beach, Florida  33141
Telephone:     (305) 865-6766
Facsimile:     (305) 865-7167
zabogado@aol.com,
steven.frase.esq@gmail.com