UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 14-22983-CV-OTAZO-REYES

**[CONSENT CASE]**

NESTOR OCTAVIO DIAZ COYA,　　　　)
*and all others similarly situated under*　　)
*29 U.S.C. § 216(b)*,　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　　　Plaintiff,　　　　　　　　　　)
　vs.　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
NSG HOSPITALITY GROUP, INC., *et al.,*　)
　　　　　　　　　　　　　　　　　　　　)
　　　　　　Defendants.　　　　　　　　　)
_____)

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION
FOR PARTIAL SUMMARY JUDGMENT**

**COMES NOW** Plaintiff, by and through undersigned counsel, pursuant to Fed. R. Civ. P. 56 and hereby opposes Defendants NSG Hospitality Group, Inc. ("NSG") and Carlos Rivera's ("Rivera") (collectively, "Defendants") Motion for Partial Summary Judgment [DE 40] and as grounds therefore states:

**MEMORANDUM OF LAW**

I.　**Introduction**

　　　　Defendants suggest that it is so simple and obvious that Defendants were not employers of Plaintiff. So grievous the error, that it "display[s] a failure to make a reasonable inquiry of the facts as required by Federal Rule of Civil Procedure 11(b)(3)." *See* Defendants' Motion for Partial Summary Judgment [DE 40] at 9. This is hyperbole. During his employment, Plaintiff

was only ever aware that he worked for Defendants, NSG. This interpretation was reasonable given the objective facts.

Plaintiff worked at three different hotels, St. Regis, Four Seasons, and then Canyon Ranch. He had the same job at each hotel. He and his co-workers wore the same uniform at each hotel. Daniel Benitez was one of his managers at each hotel. Defendants argue that, in fact, Plaintiff just quit his job at Four Seasons to work at Canyon Ranch for another company, National Maid Service Group, Co. ("NMSG"). This is anathema to the facts. NMSG and NSG share employees, among other similarities, which create a joint employment and/or alter-ego relationship. This is a genuine issue of material fact which must be addressed in trial.

## II. Procedural History

On August 14, 2014, Plaintiff initiated this underlying action against Defendants NSG Hospitality Group, Inc. and an individual employer, Carlos Rivera [DE 1]. On February 9, 2015 Defendants filed their Motion for Partial Summary Judgment, stating that they were not the employer during much of the time period claimed. Instead, Plaintiff had essentially disappeared from Defendants employ, and started working for NSMG, which was run by Daniel Benitez [DE 40]. NMSG admitted to being Plaintiff's employer during part of Plaintiff's employment through its principal, Mr. Benitez [DE 39-2].

This came as a surprise to Plaintiff, who was unaware that he had ever worked for two different companies. He only knew that he worked for a company called "NSG." *See* the Affidavit of Nestor Octavio Diaz Coya at ("Coya Aff."). Plaintiff then moved to bring NMSG and Mr. Benitez into this matter via Motion for Leave to Amend Complaint dated March 6, 2015 [DE 54]. Even though it was Defendants that originally informed Plaintiff that NMSG was a proper defendant employer, Defendants nevertheless contested Plaintiff's attempt to bring in the

party that they asserted was Plaintiff's true employer [DE 55]. Defendants asserted that the allegation that NSG was a joint employer with NMSG, instead of merely being the only employer was such a "drastic amendment[]" and was an "entirely new legal theory" and would "unfairly prejudice" Defendants [DE 55 at 5]. A hearing was held on April 13, 2015 in which the Court tentatively denied Plaintiff's Motion to Amend, adopting a "wait and see" approach as to how this Motion for Partial Summary Judgment would turn out [DE 57-58]. While the current Amended Complaint does not contain a count that states that Defendant NSG and NMSG are joint employers, Plaintiff requests that this Court consider it so for consideration of this Motion for Partial Summary Judgment, in light of the fact that Plaintiff timely moved for the amendment of said Complaint and the circumstances in which the Court denied said motion.

III. **Facts Presented**

Defendants argue that they did not employ Plaintiff during the period in which he alleges he was terminated for retaliatory reasons. Instead, Defendants assert, Plaintiff was working for NMSG. Had Plaintiff in fact been working only for NMSG, then Defendants would be entitled to their Partial Summary Judgment. As described in further detail below, the big question faced in the underlying Motion for Partial Summary Judgment is whether Plaintiff worked for NSG from November 2013 to July 2014 ("Period at Issue"). If Plaintiff was not employed by Defendants during this time period, then Plaintiff would not be entitled to any relief during that time period, or for his claim of retaliation.

a. **No Significant Distinction Exists Between NSG and NSMG**

There was no indication to Plaintiff both before and during the Period at Issue that he had ever switched jobs. (Coya Aff.). The evidence shows that this job change is only a legal fiction – any distinction between NSG and NMSG is "behind the scenes."

Plaintiff had the same job during the Period at Issue.  Plaintiff, along with his coworkers at all time periods, wore a uniform titled "NSG", even when he supposedly worked at NMSG. (Coya Aff. ¶ 17).  This logo on said shirt was admitted to be the Defendant's logo.  *See* Deposition of Carlos Rivera, p 13, l. 1-16.

Plaintiff worked with the same people both before and after the Period at Issue.  Adrian Dupon was Plaintiff's supervisor at for NSG for Four Seasons and St. Regis.  Adrian Dupon also supervised Plaintiff at the Canyon Ranch Hotel when he supposedly was working for NMSG. (Coya Aff. ¶ 18).  Vanessa Rodriguez supervised Plaintiff at the Four Seasons hotel, St. Regis, as well as Canyon Ranch. (Coya Aff. ¶ 18).  Similarly, Sylvia Sedziezw also supervised Plaintiff both before and after he supposedly switched jobs. (Coya Aff. ¶18).

Plaintiff was originally hired to work at NSG by Mr. Benitez.  Plaintiff was transferred to the Four Seasons hotel by Mr. Benitez (Coya Aff. ¶18).  Mr. Benitez also was responsible for giving Plaintiff a raise well before Defendants alleged that Plaintiff worked for them.  (Coya Aff. ¶¶ 7, 19).

Additionally, Plaintiff was told he was fired after being told he was "suing the company" by Sylvia Sedziezw (Coya Aff. ¶¶ 14, 15).  As Plaintiff initially sued NSG, and not NMSG, this statement would only make sense if the employees and the management did not actually differentiate between the companies.

**b. Defendants Actions Create a Strong Inference of Joint Employment**

In addition to the direct evidence above, there is substantial evidence that provides a strong inference that there is no corporate distinction between NSG and NMSG.  In particular, NSG and NMSG have so many similar companies with the same principles it should be inferred that they are joint employers.  If they in fact had a separate corporate existence, there would be

many documents that showed this.  Instead, documents provided as evidence by the Defendants do not actually distinguish between the companies, when such differentiating documents should exist.

A review of the Sunbiz.org website reveals that many companies with shared origins and shared ownership.  Defendant Carlos' Rivera's wife, Maria Rivera, is president and apparent principal or co-principal of NSG Hospitality Corp., NSG Hospitality Group, Inc., and NSG & Associates USA, Corp.  Daniel Benitez is the president and apparent principal of N.S.G. Janitorial, Inc. and National Maid Service Group, Corp.[1]  The Articles of Incorporation for each and every company listed above were filed by Clara Giraldo, P.A.

The fact that each of these companies shares the same or similar names, organized for the same purpose, and were filed by the same accountant creates a strong implication that these companies are interrelated.  This implication is corroborated by the fact that there appear to be no documents provided by Defendants which show a separate corporate existence in practice.

In support of their Motion for Partial Summary Judgment, Defendants provides the affidavits of Carlos Rivera and Daniel Benitez. Each attached records.  A close examination of both affidavits reveals that the documents do not in fact provide the support that they attempt to advance.

In his affidavit [DE 39-1], Mr. Rivera provides payroll transaction sheets in regard showing payments made to "Nestor Diaz" from "NSG Hospitality."  Then, several hours sheets referring to "NSG" and the name of the hotel, Four Seasons.  The next set of documents is a series of checks from "NSG Hospitality Group, Inc."  While the checks are specific in the name of the company that the money is coming from, the remaining documents are surprisingly

---

[1] Mr. Benitez refers to this company as "National Maid Service Group, Co." and sunbiz.org mislabels this company as "National Maid Service Group, Crop."

ambiguous upon consideration of how many similar companies the principals of Defendants are involved in. Because there are so many companies with similar names, "NSG Hospitality" could be referring to NSG Hospitality, Inc., NSG Hospitality Group, Inc., or NSG Hospitality Corp. "NSG" could be referring to any of the NSG companies, N.S.G. Janitorial, Inc., NSG Hospitality, Inc., NSG & Associates USA, Corp., NSG Hospitality Group, Inc., NSG Hospitality Corp., or the alleged prime contractor, National Service Group & Associates.

Mr. Daniel Benitez conveniently provided Defendants with his affidavit and several documents which purportedly evidence that Plaintiff worked for his own company, NSMG [DE 39-2]. Mr. Benitez provides many documents, but none of these documents provide any indication of what company they were created for. Instead, only the property is listed, "Canyon Ranch." None of these documents contain letterhead, logos, or any indicator other indication of the company. The termination form, warning form, and payroll documents only identify the company as "Canyon Ranch." The absence of a clear corporate distinction between these companies provides a strong implication that they are joint employers.

As explained below, these facts support the finding that NSG and NMSG are either joint employers or alter-egos of each other. It appears from the facts that this dispute brought forth in the underlying Motion for Partial Summary Judgment is merely part of a "shell game" where Defendants attempt to evade the merits of this case and liability through careful strategic posturing.

IV. **Argument – Defendant NSG is a Joint Employer With NMSG**

All of Defendants' arguments are contingent on them not being an employer for Plaintiff during the entire period of employment at issue:

> "Summary judgment should be entered as to Count Two because Defendants were not Plaintiff's employer at the time of his alleged termination, Defendants

> took no adverse employment action against Plaintiff, and there is no causal connection between any alleged adverse actions and Plaintiff's protected activity"
>
> "Partial summary judgment should be entered as to Count One because Defendants only employed Plaintiff for roughly one year – from September 2012 to September 2013 – and thus Defendants could not possibly be responsible for the entire period of unpaid overtime sought by Plaintiff."

If Defendants' assertion that they are not employers during Period at Issue are true – they are absolutely entitled to Partial Summary Judgment.  However, they are *not* entitled to Summary Judgment, under either of the grounds asserted, if Defendants were either an "employer", "joint employer", or "alter ego" of an employer[2] during the time period in question.  Plaintiff asserts that Defendants were either an employer or joint employer, and assert that this is the sole question at issue for this Motion for Partial Summary Judgment.

The FLSA describes an employer as, "any person acting directly or indirectly in the interest of an employer in relation to an employee."  29 U.S.C. § 203. "An entity 'employs' a person under the FLSA if it 'suffer[s] or permit[s]' the individual to work.'" Layton v. DHL Exp. (USA), Inc., 686 F.3d 1172, 1175 (11th Cir. 2012), *citing* 29 U.S.C. § 203(g). "An employee may have more than one employer, and 'whether the employment by the employers is to be considered joint employment or separate and distinct employment for purposes of the act depends upon all the facts in the particular case.'" Id., *citing* 29 C.F.R. § 791.2(a). The question as to whether an entity is a joint employer is a question of fact. Hodgson v. Griffin & Brand of McAllen, Inc., 471 F.2d 235, 238 (5th Cir. 1973).

Aimable v. Long & Scott Farms, 20 F.3d 434 (11th Cir. 1994) establishes the analysis used in determining whether an entity is a joint employer. Layton v. DHL Exp. (USA), Inc., 686 F.3d 1172, 1177-78 (11th Cir. 2012). "To begin our analysis, we look first to the regulations

---

[2] Alter-ego theory of liability can extend FLSA liability.  *See* Paulshock v. Nnovation Learning Grp., Inc., No. 6:05CV1415 ORLDAB, 2007 WL 2412909, at *3 (M.D. Fla. Aug. 21, 2007).

adopted by the Secretary of Labor." Aimable v. Long & Scott Farms, 20 F.3d 434, 440 (11th Cir. 1994).

The federal regulations provide a few other examples of these factors:

(1) Where there is an arrangement between the employers to share the employee's services, as, for example, to interchange employees; or
(2) Where one employer is acting directly or indirectly in the interest of the other employer (or employers) in relation to the employee; or
(3) Where the employers are not completely disassociated with respect to the employment of a particular employee and may be deemed to share control of the employee, directly or indirectly, by reason of the fact that one employer controls, is controlled by, or is under common control with the other employer.

29 C.F.R. § 791.2(b)(1)-(3). Factors like common control, shared business leads, common trade names, are important factors to consider. Donovan v. Janitorial Servs., Inc., 672 F.2d 528, 531 (5th Cir. 1982).

There is no particular dispositive factor which determines whether two parties are joint employers. Rutherford Food Corp. v. McComb, 331 U.S. 722, 730 (1947); Antenor v. D & S Farms, 88 F.3d 925, 932 (11th Cir. 1996). "[A] joint employment relationship is not determined by a mathematical formula .... The purpose of weighing the factors is not to place each in either the contractor or the [alleged employer's] column, but to view them qualitatively to assess the evidence of economic dependence, which may point to both." Layton v. DHL Exp. (USA), Inc., 686 F.3d 1172, 1177-78 (11th Cir. 2012).

Many cases in which a question of joint employment arises are "vertical" cases, in the sense that a question exists as to whether the employee of a contractor is a joint employer together with the party contracted with to provide those services. In this matter, Plaintiff is claiming a "horizontal" joint employment situation where NSG and NMSG became joint employers of Plaintiff through their implementation of their respective contracts.

Critically, NSG and NMSG shared employees. Plaintiff was managed, in part, by Mr. Benitez, who appeared to have no regard for the corporate division between NSG and NMSG. Many of Plaintiff's supervisors were shared between NSG and NMSG. At the very least, these facts provide enough of a genuine dispute as to survive a Motion for Partial Summary Judgment.

V. **Conclusion**

Plaintiff asserts that the evidence shows that Defendants were either employer or joint employer during the time period in question. Nevertheless, it is not this Court's current prerogative to determine where the evidence weighs in favor of a joint employer relationship. Instead, the question is only if there is a genuine issue of material fact as to the question if Defendants were employers. Any doubt at all as to the employment relationship between Plaintiff and Defendants should result in this Court denying Defendants' Motion for Partial Summary Judgment.

Wherefore Plaintiff respectfully requests that this Court denies Defendants' Motion for Partial Summary Judgment.

Submitted this 27th day of April, 2015.

Respectfully Submitted,

J.H. Zidell, P.A.
Attorney For Plaintiffs
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865 – 7167

By:__/s/ Elizabeth O. Hueber_____
     Elizabeth O. Hueber
     Florida Bar Number: 0073061

## CERTIFICATE OF SERVICE:

I hereby certify that a true and correct copy of Plaintiff's Opposition to Defendants' Motion for Partial Summary Judgment was served via CM/ECF to Eleanor Trotman Barnett, Esq., Heller Waldman, P.L., 3250 Mary Street, Suite 102, Coconut Grove, Florida 33133, Fax: (305) 448-4155, Email: ebarnett@hellerwaldman.com on this 27th day of April, 2015.

Respectfully Submitted,

J.H. Zidell, P.A.
Attorney For Plaintiffs
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865 – 7167

By:__/s/ Elizabeth O. Hueber_____
Elizabeth O. Hueber
Florida Bar Number: 0073061

## SERVICE LIST

Jason A. Glusman
Wicker Smith O'Hara McCoy & Ford
515 E Las Olas Boulevard
Suite 1400 Suntrust Bank
Fort Lauderdale, FL 33301
954-847-4800
Fax: 760-9353
Email: jglusman@wickersmith.com
*Attorney for Defendants*