UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 14-22983-CIV-OTAZO-REYES

**[CONSENT CASE]**

| | |
|---|---|
| NESTOR OCTAVIO DIAZ COYA *and all others similarly situated under 29 U.S.C. § 216(b)*, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| NSG HOSPITALITY GROUP, INC., CARLOS RIVERA, NATIONAL MAID SERVICE GROUP, CORP., DANIEL BENITEZ, | ) ) ) ) ) |
| Defendants. | ) ) |
| _____ | ) |

**SECOND AMENDED COMPLAINT UNDER 29 U.S.C. 201- 216
OVERTIME WAGE VIOLATIONS AND RETALIATION**

**COMES NOW** Plaintiff, NESTOR OCTAVIO DIAZ COYA, on behalf of himself and all others similarly situated under 29 U.S.C. § 216(b), by and through undersigned counsel, and files this Complaint against Defendants, NSG HOSPITALITY GROUP, INC., CARLOS RIVERA, NATIONAL MAID SERVICE GROUP, CORP., and DANIEL BENITEZ, and alleges:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-216.

2. The Plaintiff was a resident of Dade County, Florida at the time that this dispute arose.

3. The Defendant NSG HOSPITALITY GROUP, INC. is a corporation that regularly transacts business within Dade County. Upon information and belief, the Defendant Corporation was the FLSA employer for Plaintiff's respective period of employment ("the relevant time period").

4. The individual Defendant CARLOS RIVERA is a corporate officer and/or owner and/or

manager of Defendant Corporation NSG HOSPITALITY GROUP, INC. who ran the day-to-day operations of the Corporate Defendant for the relevant time period and was responsible for paying Plaintiff's wages for the relevant time period and controlled Plaintiff's work and schedule and was therefore Plaintiff's employer as defined by 29 U.S.C. § 203(d).

5. The Defendant NATIONAL MAID SERVICE GROUP, CORP. is a corporation that regularly transacts business within Dade County. Upon information and belief, the Defendant Corporation was the FLSA employer for Plaintiff's respective period of employment ("the relevant time period").

6. The individual Defendant DANIEL BENITEZ is a corporate officer and/or owner and/or manager of the Defendant Corporation NATIONAL MAID SERVICE GROUP, CORP. who ran the day-to-day operations of the Corporate Defendant for the relevant time period and was responsible for paying Plaintiff's wages for the relevant time period and controlled Plaintiff's work and schedule and was therefore Plaintiff's employer as defined by 29 U.S.C. § 203(d).

7. Upon information and belief, Defendant NSG Hospitality Group, Inc. and National Maid Service Group, Corp. were joint employers as defined by 29 U.S.C. § 203(r) for the relevant time period.

8. Upon information and belief, Defendant NSG Hospitality Group, Inc. and National Maid Service Group, Corp. were a joint enterprise as defined by 29 U.S.C. § 203(r) for the relevant time period.

9. All acts or omissions giving rise to this dispute took place in Dade County.

**COUNT I. FEDERAL OVERTIME WAGE VIOLATION**

10. This action arises under the laws of the United States. This case is brought as a collective action under 29 U.S.C. § 216(b). It is believed that the Defendants have employed several other similarly situated employees like Plaintiff who have not been paid overtime and minimum wages for work performed in excess of 40 hours weekly from the filing of this complaint back three years.

11. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement).

12. 29 U.S.C. § 207 (a)(1) states, "if an employer employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one half times the employee's regular rate…."

13. Plaintiff worked for Defendants as a floor maintenance man and pool attendant at the Four Seasons Hotel, St. Regis Hotel, Canyon Ranch, Fountainbleau, and Gansenvoort Hotels in Miami from on or about 2009 through on or about June 17, 2014 when he went on medical leave until August 20, 2014 when he was terminated.

14. Defendants' business activities involve those to which the Fair Labor Standards Act applies. Both the Defendants' business and the Plaintiff's work for the Defendants affected interstate commerce for the relevant time period. Plaintiff's work for the Defendants affected interstate commerce for the relevant time period because the materials and goods that Plaintiff used on a constant and/or continual basis and/or that were supplied to him by the Defendants to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiff's use of the same. The Plaintiff's work

for the Defendants was actually in and/or so closely related to the movement of commerce while he worked for the Defendants that the Fair Labor Standards Act applies to Plaintiff's work for the Defendants.

15. Additionally, Defendants regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendants' business an enterprise covered under the Fair Labor Standards Act.

16. Upon information and belief, the Corporate Defendants had gross sales or business done in excess of $500,000 annually for the years 2010, 2011, 2012, 2013, and 2014.

17. Between the period of on or about 2009 through on or about December 14, 2012 and between the period of on or about December 21, 2013 through on or about June 17, 2014, Plaintiff worked an average of 66 hours a week for Defendants, and was paid an average of $8.00 per hour but was never paid the extra half time rate for any hours worked over 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff therefore claims the half time overtime rate for each hour worked above 40 in a week.

18. Between the period of on or about December 15, 2012 through on or about December 20, 2013, Plaintiff worked an average of 66 hours a week for Defendants, and was paid an average of $9.00 per hour but was never paid the extra half time rate for any hours worked over 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff therefore claims the half time overtime rate for each hour worked above 40 in a week.

19. Defendants willfully and intentionally refused to pay Plaintiff's overtime wages as required by the Fair Labor Standards Act as Defendant knew of the overtime requirements of the Fair Labor Standards Act and recklessly failed to investigate whether

Defendants' payroll practices were in accordance with the Fair Labor Standards Act. Defendants remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants for the time period specified above.

**WHEREFORE**, the Plaintiff requests double damages and reasonable attorney fees from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proved at the time of trial for all overtime wages still owing from Plaintiff's entire employment period with Defendants or as much as allowed by the Fair Labor Standards Act along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiff requests a trial by jury.*

### COUNT II: RETALIATION UNDER 29 U.S.C. § 215(a)(3)

**COMES NOW** Plaintiff, through undersigned Counsel, and re-adopts the factual and jurisdictional statements in paragraphs 1-19 above and further states:

20. On August 12, 2014, the undersigned law firm contacted Defendant CARLOS RIVERA via e-mail in an attempt to amicably resolve this matter before turning to litigation. At the time, Plaintiff was unaware that Corporate Defendant National Maid Service Group, Corp. and Individual Defendant Daniel Benitez were also Plaintiff's employers during the relevant time period.

21. Through several emails August 12, 2014 and into August 13, 2014, the undersigned firm and Defendant CARLOS RIVERA communicated about the time period that Plaintiff worked.

22. The issue was not resolved on August 13, 2014 and Plaintiff filed the instant suit on August 14, 2014.

23. On August 18, 2014, Plaintiff called into work. He spoke with Sylvia Sedziezw who told

him that his name was being mentioned all over the company for filing a lawsuit against Defendants' business. Specifically, Defendants' supervisor Vanessa Rodriguez was talking about it.

24. On August 19, 2014, Plaintiff called into work to determine when he could return from medical leave. Plaintiff spoke Defendants' supervisor Omar Valdez. When asked when Plaintiff could return from medical leave, Mr. Valdez asked if it was true Plaintiff filed a lawsuit against Defendants. Mr. Valdez said he would clear it with his superior when Plaintiff could return to work from sick leave.

25. On August 20, 2014, Plaintiff again called into work to speak with Mr. Valdez, who said he spoke with his superiors, who told Mr. Valdez that Plaintiff's position had been filled and Plaintiff was no longer needed.

26. The motivating factor for Defendants' termination of Plaintiff was due to Plaintiff asserting a claim for mandated wages under the FLSA.

27. The termination of Plaintiff was an act of retaliation in direct violation of 29 U.S.C. § 215(a)(3) because the motivating factor for said termination was a filing a lawsuit claiming legally mandated wages and, as a result, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff requests judgment against the Defendants, jointly and severally, attorney's fees, costs, back wages, double or liquidated back wages from the date of firing up until and including the date of trial, reinstatement, promotion and injunctive relief prohibiting the defendants from discriminating in the manner described above, emotional distress and humiliation and pain and suffering, front wages until Plaintiff's anticipated age of retirement, and all other damages recoverable by law 29 U.S.C. § 216(b). *Plaintiff requests a trial by jury.*

Respectfully Submitted,

J.H. Zidell, P.A.
*Attorney For Plaintiff*
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865-7167
E-mail: zabogado@aol.com

By:__/s/ J.H. Zidell_____
    J.H. Zidell, Esq.
Florida Bar Number: 001012