78080-7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 14-22983-CIV-OTAZO-REYES

NESTOR OCTAVIO DIAZ COYA *and all other*
*similarly situated under 29 U.S.C. § 216(b)*,

    Plaintiff,

vs.

NSG HOSPITALITY GROUP, INC.,
CARLOS RIVERA,
NATIONAL MAID SERVICE GROUP, CORP.,
and DANIEL BENITEZ,

    Defendants.
_____/

**DEFENDANTS, NSG HOSPITALITY GROUP, INC. & CARLOS RIVERA'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT UNDER 29 U.S.C. 201–206 OVERTIME WAGE VIOLATIONS AND RETALIATION**

    COME NOW Defendants, NSG Hospitality Group, Inc. ("NSG Hospitality") and Carlos Rivera ("Mr. Rivera"), and hereby file their Answer and Affirmative Defenses to Plaintiff's Second Amended Complaint Under 29 U.S.C. 201–206 Overtime Wage Violations and Retaliation (the "Second Amended Complaint"), and respectfully states the following:

    1.    NSG Hospitality and Mr. Rivera admit Plaintiff purports to bring a cause of action under the Fair Labor Standards Act, 29 U.S.C. §§ 201–206 (the "FLSA"), but otherwise deny the allegations contained in Paragraph 1.

    2.    NSG Hospitality and Mr. Rivera are without knowledge of information concerning the allegations in Paragraph 2, and thus deny the same.

CASE NO. 14-22983-CIV-OTAZO-REYES

3. NSG Hospitality and Mr. Rivera admit Plaintiff worked for NSG Hospitality for a period of time, but only for a fraction of the relevant time period claimed. NSG Hospitality and Mr. Rivera otherwise deny the allegations contained in Paragraph 3.

4. Mr. Rivera admits that he is a corporate officer and owner of NSG Hospitality, but otherwise denies the allegations contained in Paragraph 4.

5. Paragraph 5 of the Second Amended Complaint is addressed at Defendant National Maid Service Group, Corp. and requires neither an admission nor a denial from HSG Hospitality or Mr. Rivera. To the extent a response is required, NSG Hospitality and Mr. Rivera deny the allegations contained in Paragraph 5.

6. Paragraph 6 of the Second Amended Complaint is addressed at Defendant Daniel Benitez and requires neither an admission nor a denial from HSG Hospitality or Mr. Rivera. To the extent a response is required, NSG Hospitality and Mr. Rivera deny the allegations contained in Paragraph 6.

7. Denied.

8. Denied.

9. NSG Hospitality and Mr. Rivera admit this Court is the proper venue, but otherwise deny the allegations contained in Paragraph 9.

10. Denied.

11. NSG Hospitality and Mr. Rivera admit the Court has jurisdiction, but otherwise deny the allegations contained in Paragraph 11.

CASE NO. 14-22983-CIV-OTAZO-REYES

12. Paragraph 12 of the Second Amended Complaint merely recites the law and requires neither an admission nor a denial. To the extent a response is required, NSG Hospitality and Mr. Rivera deny the allegations contained in Paragraph 12.

13. Denied.

14. NSG Hospitality and Mr. Rivera admit the FLSA is applicable to NSG Hospitality, but otherwise deny the allegations contained in Paragraph 14.

15. NSG Hospitality and Mr. Rivera admit the FLSA is applicable to NSG Hospitality, but otherwise deny the allegations contained in Paragraph 15.

16. NSG Hospitality and Mr. Rivera admit that NSG Hospitality had gross sales in excess of $500,000 for the years 2012, 2013, and 2014, but otherwise deny the allegations contained in Paragraph 16.

17. Denied.

18. Denied.

19. Denied.

20. NSG Hospitality and Mr. Rivera admit that counsel for Plaintiff sent Mr. Rivera an e-mail on or about August 12, 2014, but otherwise deny the allegations contained in Paragraph 20.

21. NSG Hospitality and Mr. Rivera admit that Mr. Rivera informed Plaintiff's counsel of the dates Plaintiff worked for NSG Hospitality, but otherwise deny the allegations contained in Paragraph 21.

CASE NO. 14-22983-CIV-OTAZO-REYES

22. NSG Hospitality and Mr. Rivera admit that Plaintiff filed his initial Complaint on August 14, 2014, but otherwise deny the allegations contained in Paragraph 22.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

## **NSG Hospitality and Mr. Rivera's Affirmative Defenses**

28. Plaintiff was hired as an independent contractor.

29. Plaintiff was compensated accurately and fully for all hours worked on behalf of NSG Hospitality.

30. Plaintiff voluntarily resigned from his employment with NSG Hospitality on or about September 2013, when he abruptly quit.

31. During the period of Plaintiff's alleged medical leave, Plaintiff was not an employee of NSG Hospitality.

32. Plaintiff is not entitled to any overtime hours worked without the actual or constructive knowledge of NSG Hospitality and Mr. Rivera.

33. Although NSG Hospitality and Mr. Rivera do not concede Plaintiff is entitled to any damages in this action, should the trier of fact find in favor of Plaintiff on any claim(s) arising out of events germane to this action, any resulting damages or injuries were caused by other persons or parties not under the care, custody, or control of

CASE NO. 14-22983-CIV-OTAZO-REYES

NSG Hospitality and/or Mr. Rivera, including but not limited to other co-defendants in this action.

34. NSG Hospitality and Defendant, National Maid Service Group, Corp. are not "joint employers" of Plaintiff or any other allegedly similarly-situated individuals as that term is defined by the Fair Labor Standards Act, applicable Federal regulations, and/or case law.

35. Plaintiff is not entitled to a recovery for any alleged unpaid overtime from NSG Hospitality and Mr. Rivera for damages arising from Plaintiff's employment with other parties.

36. Plaintiff is not entitled to a recovery for his allegedly retaliatory discharge from NSG Hospitality and Mr. Rivera, as neither of those parties was his FLSA employer at the time of his alleged termination.

37. Plaintiff's claims and the claims of any other "similarly situated individuals" are barred in whole or in part by the applicable statute of limitations.

38. Plaintiff cannot establish or satisfy the requirements for class certification pursuant to Section 21(b) of the FLSA, thus the class certification allegations of the Second Amended Complaint should be stricken or dismissed.

39. Plaintiff cannot establish a willful violation of the FLSA.

40. NSG Hospitality and Mr. Rivera acted in good faith and with reasonable grounds to believe they were not in violation of the FLSA.

CASE NO. 14-22983-CIV-OTAZO-REYES

41. Assuming *arguendo* Plaintiff and other "similarly situated individuals" may have some claims (which is denied), such claims are for *de minimus* amounts and are not violations subject to the FLSA.

42. Assuming Plaintiff is able to establish he is entitled to liquidated damages, Plaintiff is not entitled to pre-judgment interest.

43. NSG Hospitality and Mr. Rivera are entitled to a setoff for all sums of money of settlement, judgment, or otherwise entered into and received by Plaintiff from any party or nonparty to this action.

44. Assuming a damages verdict against them, NSG Hospitality and Mr. Rivera are only responsible for their *pro rata* share of any damages verdict.

45. NSG Hospitality and Mr. Rivera reserve the right to assert additional defenses as they arise during the course of this litigation.

## **Jury Demand**

NSG Hospitality and Mr. Rivera hereby request a trial by jury.

Dated: June 4, 2015

                Respectfully submitted,

                __/s/ Jason A. Glusman_____
                Jason A. Glusman, Esquire (419400)
                JGlusman@wickersmith.com
                Carlos A. Garcia, Esquire (99768)
                CGarcia1@wickersmith.com
                WICKER SMITH O'HARA McCOY & FORD, P.A.
                515 E. Las Olas Boulevard
                SunTrust Center, Suite 1400
                P.O. Box 14460
                Ft. Lauderdale, FL 33302
                Telephone:   (954) 847-4800
                Facsimile:    (954) 760-9353

CASE NO. 14-22983-CIV-OTAZO-REYES

*Attorneys for Defendants Carlos Rivera & NSG Hospitality Group, Inc.*

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that on June 4, 2015, we electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  We also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

    */s/ Jason A. Glusman*
Jason A. Glusman, Esquire
Carlos A. Garcia, Esquire

## SERVICE LIST

Julia M. Garrett, Esq.
J.H. Zidell, P.A.
City National Bank Building, Suite 605
300 Seventy First Street
Miami Beach, Florida  33141
Telephone:     (305) 865-6766
Facsimile:     (305) 865-7167
zabogado@aol.com,
steven.frase.esq@gmail.com